15 F.3d 1083
 73 A.F.T.R.2d 94-786
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
George CAMERON; Susan L. Cameron, Petitioners-Appellants,
v.
COMMISSIONER INTERNAL REVENUE SERVICE, Respondent-Appellee.
 No. 92-70364.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 16, 1993.*
Decided Jan. 4, 1994.
As Amended on Denial of Rehearing
Feb. 3, 1994.
 
 Before: GOODWIN, CANBY and KOZINSKI, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Parties agree that taxpayers only owe a penalty under Internal Revenue Code Sec. 6661[1] for "a substantial understatement of income tax" if "income tax" is defined to include self employment taxes. Treasury Regulation 1.6661-(2) (d) (1) so defines "income tax".
 
 
 3
 As we defer to Treasury regulations that reasonably construe a statute, Pacific First Federal Savings Bank v. Commissioner, 961 F.2d 800, 804-05 (9th Cir.1992), amended, 1992 U.S.App. LEXIS 11517 (9th Cir.1992), we uphold Treasury Regulation 1.6661-(2)(d)(1). First, it is significant that Congress put the self-employment tax (sections 1401 to 1403) in Chapter 2 of Subtitle A, which is entitled "Income Taxes." Moreover, the regulation survived several amendments to section 6661, see Omnibus Budget Reconciliation Act of 1986, Pub.L. No. 99-509, Sec. 8002, 100 Stat. 1874, 1951; Deficit Reduction Act of 1984, Pub.L. No. 98-369, Sec. 714, 98 Stat. 494, 962; Subchapter S Revision Act of 1982, Pub.L. No. 97-354, Sec. 5, 96 Stat. 1669, 1697. Thus, we can infer that Congress approved the regulation. See Cottage Savings Ass'n v. Commissioner, 111 S.Ct. 1503, 1508 (1991) (regulations "long continued without substantial change, applying to ... substantially reenacted statutes, are deemed to have received congressional approval....").
 
 
 4
 Finally, the underlying purpose of section 6661--deterring taxpayers from playing the "audit lottery" by understating their income and hoping not to be audited, S.Rep. No. 97-494, 97th Cong., 2d Sess., at 272-73 (1982)--applies to those who understate self-employment taxes as much as to those who understate taxes under chapter 1 of the Code.
 
 
 5
 Because the Tax Court properly included taxpayers' self-employment tax deficiency in calculating their penalty under section 6661, we
 
 
 6
 AFFIRM.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Though this provision has been repealed, see Omnibus Budget Reconciliation Act of 1989, Pub.L. No. 101-239, Sec. 7721(c)(2), 103 Stat. 2106, 2399, it still applies to returns filed before 1990 and thus remains applicable to the taxpayers here